UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Secure Computing Corp., | Case No. 0:07-cv-2198 JMR/FLN |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT** |
| Finjan Software Ltd., and Finjan Software, Inc. | **(DEMAND FOR JURY TRIAL)** |
| Defendants. | |

Plaintiff Secure Computing Corp. ("Secure Computing"), as and for its First Amended Complaint against Defendants Finjan Software Ltd. and Finjan Software, Inc. (collectively "Finjan"), states and alleges as follows:

### PARTIES

1. Plaintiff Secure Computing is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 4810 Harwood Road, San Jose, California 95124.

2. On information and belief, Defendant Finjan Software Ltd. is a corporation organized and existing under the laws of Israel, with its principal place of business at Harnachshev St, 1, New Industrial Area, Netanya, 42504, Israel, and its worldwide headquarters at 2025 Gateway Place, Suite 180, San Jose, California 95110.

3. On information and belief, Defendant Finjan Software, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business

and its worldwide headquarters at 2025 Gateway Place, Suite 180, San Jose, California 95110.

## JURISDICTION AND VENUE

4. This action arises under the Acts of Congress relating to patents, Title 35 U.S.C. § 1 et seq., Acts of Congress under § 43 of the Lanham Act, the Minnesota Deceptive Trade Practices Act, and the Minnesota common law.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 1367.

6. This Court has personal jurisdiction over Finjan because personal jurisdiction over Finjan comports with the United States Constitution, Finjan actively and regularly conducts business in the State of Minnesota, because Finjan has and continues to infringe, contributorily infringe and/or induce the infringement of U.S. Patent No. 7,171,681, and because Finjan has committed and continues to commit acts of unfair competition, false advertising, deceptive trade practices, and other unlawful acts, in this district.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## COUNT I
### (U.S. PATENT NO. 7,171,681)

8. Secure Computing realleges each and every allegation set forth in Paragraphs 1 through 7, inclusive, and incorporates them herein by reference.

9. On January 30, 2007, United States Patent No. 7,171,681 ("the '681 patent") entitled "System and Method for Providing Expandable Proxy Firewall Services" issued. William E. Duncan and Vincent Hwang are the named inventors of the '681 patent. Secure Computing is the assignee of the '681 patent. Secure Computing has been and is still the owner of the '681 patent.

10. Finjan has unlawfully infringed one or more claims of the '681 patent by making, using, offering to sell to customers, and/or selling to customers articles which infringe the claims of the '681 patent, by making, using, licensing, offering to sell and/or selling load-balancing security solutions, including but not limited to Vital Security™ Load Balancer NG-5300.

11. Finjan has engaged in activities which constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of the '681 patent, in violation of 35 U.S.C. § 271.

12. Secure Computing has suffered damages by reason of Finjan's infringement of the '681 patent for which Secure Computing is entitled to relief under 35 U.S.C. § 284, and will suffer additional and irreparable damages unless Finjan is enjoined by this Court from continuing their infringement.

## COUNT II
## (§ 43(a) OF THE LANHAM ACT)

13. Secure Computing realleges each and every allegation set forth in Paragraphs 1 through 12, inclusive, and incorporates them herein by reference.

14. Secure Computing is in the business of developing and distributing network, systems, and web security solutions to businesses and organizations.

15. On information and belief, Finjan is in the business of developing and distributing network, systems, and web security solutions to businesses and organizations.

16. On information and belief, on March 28, 2007, Finjan distributed a worldwide press release, a copy of which continues to be posted on its company website (hereinafter "the Finjan press release").

17. The Finjan press release contains false and/or misleading statements. The Finjan press release indicates that VirusTotal.com "benchmarked [malicious] code against 32 well-known web security products." The Finjan press release states that Finjan's Vital Security Web Appliance was "the only security solution that managed to detect and block the code in real-time, without any product update or signature." The Finjan press release further states "[t]he online VirusTotal benchmark points to the superiority of our patented real-time code inspection technology."

18. The Finjan press release states that "VirusTotal is a service developed by Hispasec Sistemas, an independent IT Security laboratory."

19. On information and belief, Finjan also released a March 2007 marketing brochure entitled: "Malicious Page Under Benchmark" (hereinafter "the March 2007 marketing brochure").

20. The March 2007 marketing brochure contains false and/or misleading statements. The March 2007 marketing brochure states, in part, that "Virustotal.com benchmarked [malicious] code against 32 well-known web security products. The results, as obtained independently by VirusTotal (and not independently verified by Finjan), are republished in their entirety. . . ." The March 2007 marketing brochure further lists "Webwasher-Gateway" as a product that allegedly "**failed to detect** the code as malicious and as a result **did not block** it – meaning that businesses were still at risk."

21. On information and belief, on April 15, 2007, Hispasec Sistemas and VirusTotal.com posted an announcement on the VirusTotal.com website addressing the Finjan press release (hereinafter "the VirusTotal announcement").

22. The VirusTotal announcement stated, in part, that information related to the Finjan press release "may lead to confusion, whether that was the result intended or not, and that is why we feel compelled to declare the following at Hispasec:

- VirusTotal has not conducted any experiment or test related to AV comparative analyses.

- VirusTotal has no notice whatsoever of the malicious code [Finjan] refer[s] to in this piece of news.

- VirusTotal has never tested nor tried Finjan's security solutions."

23. The VirusTotal announcement also states that VirusTotal is not intended to be used to compare antivirus products and indicates that "[t]hose who use VirusTotal to perform AV comparative analyses should know that they are making many implicit errors in the methodology."

24. On information and belief, Finjan was notified of the VirusTotal announcement at least as early as April 17, 2007.

25. Finjan is still publishing the March 28, 2007 press release on its website.

26. Finjan, through at least the aforementioned acts described in paragraphs 14-25 including Finjan's statements regarding the alleged independent VirusTotal benchmark, and on information and belief other acts, has made false and/or misleading material statements of fact in interstate commerce that actually deceived and/or had the capacity to deceive a substantial segment of customers, in violation of § 43(a), 15 U.S.C. § 1125(a), of the Lanham Act.

27. Finjan's actual and implied misrepresentations, including at least those about the alleged independent VirusTotal benchmark, constitute unfair competition and false advertising in violation of § 43(a), 15 U.S.C. § 1125(a), of the Lanham Act.

28. Finjan's actual and implied misrepresentations are likely to influence the purchasing decisions of security product purchasers.

29. As a result of Finjan's aforementioned acts, including Finjan's false and/or misleading statements regarding the alleged independent VirusTotal benchmark, and unless enjoined by this Court, Secure Computing has been and will be irreparably injured by Finjan's practices described above, as to which Secure Computing has no adequate remedy at law. In addition, as a result of Finjan's foregoing acts, including Finjan's false and/or misleading statements regarding the alleged independent VirusTotal benchmark,

Secure Computing has been and will be damaged, in an amount to be fully determined at trial.

30. Finjan's aforementioned actions, including Finjan's false and/or misleading statements regarding the alleged independent VirusTotal benchmark test, were and are taken in willful, deliberate and intentional disregard of Secure Computing's rights. This case is exceptional under the Lanham Act.

## COUNT III
### (Minnesota Deceptive Trade Practices Act - Minn. Stat. 325D.44)

31. Secure Computing realleges each and every allegation set forth in Paragraphs 1 through 30, inclusive, and incorporates them herein by reference.

32. Finjan, through at least the aforementioned acts described in paragraphs 14-25 including Finjan's statements regarding the alleged independent VirusTotal benchmark, and on information and belief other acts, has made false and/or misleading material statements of fact in interstate commerce that actually deceived and/or had the capacity to deceive a substantial segment of security product customers, in violation of the Minnesota Deceptive Trade Practices Act (Minn. Stat. 325D.44).

33. Finjan's actual and implied misrepresentations, including at least those about the alleged independent VirusTotal benchmark, constitute unfair competition and deceptive trade practices in violation of the Minnesota Deceptive Trade Practices Act (Minn. Stat. 325D.44).

34. Finjan's actual and implied misrepresentations are likely to influence the purchasing decisions of security product purchasers.

35. Secure Computing has suffered damages by reason of Finjan's false and/or misleading statements regarding the alleged independent VirusTotal benchmark test, and will suffer additional and irreparable damages unless Finjan is enjoined by this Court from continuing to make and distribute false and/or misleading statements.

36. Finjan's aforementioned actions, including Finjan's false and/or misleading statements regarding the alleged independent VirusTotal benchmark test, were and are taken in willful, deliberate and intentional disregard of Secure Computing's rights, knowing such actions to be deceptive.

## COUNT IV
### (Unfair Competition and Injurious Falsehood)

37. Secure Computing realleges each and every allegation set forth in Paragraphs 1 through 36, inclusive, and incorporates them herein by reference.

38. Finjan conduct, through at least the aforementioned acts described in paragraphs 14-25 including Finjan's statements regarding the alleged independent VirusTotal benchmark, and on information and belief other acts, constitutes unfair competition and injurious falsehood under Minnesota common law.

39. As a result of Finjan's aforementioned acts, including Finjan's false and/or misleading statements regarding the alleged independent VirusTotal benchmark, and unless enjoined by this Court, Secure Computing has been and will be irreparably injured by Finjan's practices described above, as to which Secure Computing has no adequate remedy at law. In addition, as a result of Finjan's foregoing acts, including Finjan's false and/or misleading statements regarding the alleged independent VirusTotal benchmark,

Secure Computing has been and will be damaged, in an amount to be fully determined at trial.

## JURY DEMAND

A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38.1 of the United States District Court for the District of Minnesota.

## PRAYER FOR RELIEF

**WHEREFORE**, Secure Computing prays for judgment as follows:

1.   That Finjan has infringed U.S. Patent No. 7,171,681;

2.   That Finjan and its respective agents, servants, officers, directors, employees and all persons acting in concert with it, directly or indirectly, be enjoined from directly infringing, inducing others to infringe, and/or contributing to the infringement of U.S. Patent No. 7,171,681;

3.   That Finjan be ordered to account for and pay to Secure Computing the damages to which Secure Computing is entitled as a consequence of the infringement of U.S. Patent No. 7,171,681;

4.   That Finjan and its respective agents, servants, officers, directors, employees and all persons acting in concert with it, directly or indirectly, be ordered to immediately take corrective action regarding Finjan's false and/or misleading statements complained of herein, including but not limited to immediately sending corrective statements in writing to all persons to whom Finjan has made the false and/or misleading

statements and to all persons who actually received the false and/or misleading statements, and placing corrective advertisements in any and all media in which it placed the false and/or misleading statements (including without limitation on its website and in all publications in which its false and/or misleading statements appeared). Such corrective statements shall run for an equal number of days as the March 28, 2007 press release appeared on Finjan's website and in the same number of publications and number of consecutive issues of the publications and in the same manner and frequency of dissemination as the offending statements appeared;

5. That Finjan and its respective agents, servants, officers, directors, employees and all persons acting in concert with it, directly or indirectly, be enjoined from publishing, disseminating, distributing, or otherwise using the representations or similar representations in the advertising and promotional materials complained of herein, including its March 28, 2007 press release and its March 2007 marketing brochure;

6. That Finjan be ordered to pay to Plaintiff Secure Computing the damages to which Secure Computing is entitled as a consequence of Finjan's false and/or misleading statements and violations of the Lanham Act, the Minnesota Deceptive Trade Practices Act, and the Minnesota common law, in an amount to be determined at trial;

7. That Plaintiff Secure Computing be awarded its costs and attorneys' fees, including costs and attorneys' fees in accordance with Title 35 United States Code § 285; Title 15 U.S.C. § 1117(a), and Minn. Stat. 325D.45;

8. That Plaintiff Secure Computing be awarded all such other relief permitted under the patent laws, the Lanham Act, the Minnesota Deceptive Trade Practices Act, and the Minnesota common law, and

9. That Plaintiff Secure Computing be awarded such other and further relief as the Court may deem just and equitable.

Dated: May 24, 2007

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _s/Jake M. Holdreith_____
Ronald J. Schutz (#130849)
Jake M. Holdreith (#211011)
Christopher A. Seidl (# 313439)
Trevor J. Foster (#345568)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500
**Counsel for Plaintiff Secure Computing Corporation**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Secure Computing Corp., | Case No. 0:07-cv-2198 JMR/FLN |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| Finjan Software Ltd., and<br>Finjan Software, Inc. | |
| Defendants. | |

I hereby certify that on the 24th day of May, 2007, I caused the following document:

**FIRST AMENDED COMPLAINT**

to be filed electronically with the Clerk of Court through ECF. I further certify that I caused a copy of the foregoing document and the notice of electronic filing to be mailed via Federal Express, to the following non-ECF participants:

Paul Andre, Esq.
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(Counsel for Finjan Software Ltd.
  Finjan Software, Inc.)

Dated: May 24, 2007                               By:__s/Jake M. Holdreith_____