## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SECURE COMPUTING CORPORATION, a Delaware Corporation, | ) ) ) | |
| Plaintiff/Counterdefendant, | ) ) | C. A. No. 07-690 (SLR/LPS) |
| v. | ) ) | |
| FINJAN SOFTWARE, LTD., an Israel corporation; and FINJAN SOFTWARE, INC., a Delaware corporation, | ) ) ) ) | |
| Defendants/Counterclaimants. | ) ) | |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendants/Counterclaimants Finjan Software, Ltd. ("Finjan Israel") and Finjan

Software, Inc. ("Finjan USA" and collectively with Finjan Israel "Finjan") herein submit this

Answer and Counterclaim ("Answer") responding to the claims set forth by

Plaintiff/Counterdefendant Secure Computing Corporation, Cyberguard Corporation ("Secure

Computing") in its First Amended Complaint ("Amended Complaint") and counterclaiming as

follows:

1.     Finjan admits the allegations contained in Paragraph 1 of the Amended

Complaint.

2.     Finjan admits that Finjan Israel is a corporation organized and existing under the

laws of Israel, with its principal place of business at Hamachshev St. 1, New Industrial Area,

Netanya, 42504, Israel.  Finjan Israel denies the other allegations contained in Paragraph 2 of the

Amended Complaint.

3.    Finjan admits the allegations contained in Paragraph 3 of the Amended
Complaint.

4.    The allegations in Paragraphs 4 through 7 are legal conclusions and do not require
a responsive pleading. Finjan does not dispute that this Court has subject matter jurisdiction
pursuant to 28 U.S.C. §§ 1331 and 1338(a), and Finjan does not dispute that personal jurisdiction
and venue within this judicial district are proper. Finjan denies all other allegations contained in
paragraphs 4 through 7 of the Amended Complaint.

## COUNT I
### (U.S. Patent No. 7,171,681)

5.    Finjan restates its responses set forth in Paragraphs 1 and 4 of this Answer in their
entirety.

6.    Finjan admits that U.S. Patent No. 7,171,681 ("the '681 Patent") is entitled
"System and Method for Providing Expandable Proxy Firewall Services" and shows an issue
date of January 30, 2007. Finjan lacks sufficient knowledge to form a belief with respect to the
remaining allegations in Paragraph 9 of the Amended Complaint. As such, Finjan denies all
other allegations of Paragraph 9 of the Amended Complaint.

7.    Finjan denies the allegations contained in Paragraphs 10 through 12 of the
Amended Complaint.

## COUNT II
### (§ 43(a) of the Lanham Act)

8.    Finjan restates its responses set forth in Paragraphs 1 through 7 of this Answer in
their entirety.

9.    Finjan admits the allegations contained in Paragraphs 14 and 15 of the Amended
Complaint.

10.    Finjan admits that a press release dated March 28, 2007 is posted on the website located at www.finjan.com. Finjan denies all other allegations contained in Paragraph 16 of the Amended Complaint.

11.    Finjan denies the allegations contained in the first sentence of Paragraph 17 of the Amended Complaint. Regarding the remaining allegations contained in Paragraph 17 of the Amended Complaint, Finjan states that the press release dated March 28, 2007 posted on the website located at www.finjan.com speaks for itself. Finjan denies all allegations contained in Paragraph 17 of the Amended Complaint that are not consistent with the text of the press release.

12.    Finjan states that the press release dated March 28, 2007 posted on the website located at www.finjan.com speaks for itself. Finjan denies all allegations contained in Paragraph 18 of the Amended Complaint that are not consistent with the text of the press release.

13.    Finjan admits that the Finjan Malicious Code Research Center generated a document in March 2007 entitled "Malicious Page under Benchmark". Finjan denies the other allegations contained in Paragraph 19 of the Amended Complaint.

14.    Finjan denies the allegations contained in the first sentence of Paragraph 20 of the Amended Complaint. Regarding the remaining allegations contained in Paragraph 20 of the Amended Complaint, Finjan states that the document referenced in Paragraph 20 speaks for itself. Finjan denies the allegations contained in Paragraph 20 of the Amended Complaint that are not consistent with the text of the press release.

15.    Finjan is without knowledge regarding the allegations contained in Paragraphs 21 through 24 of the Amended Complaint and therefore denies the allegations contained in Paragraphs 21 through 24 of the Amended Complaint.

16.    Finjan admits that the press release dated March 28, 2007 posted on the website

located at www.finjan.com is currently available on the website located at www.finjan.com.
Otherwise, Finjan denies the allegations contained in Paragraph 25 of the Amended Complaint.

17.    Finjan denies the allegations contained in Paragraphs 26 through 30 of the
Amended Complaint.

## COUNT III
### (Minnesota Deceptive Trade Practices Act – Minn. Stat. 325D.44)

18.    Finjan restates its responses set forth in Paragraphs 1 through 17 of this Answer in
their entirety.

19.    Finjan denies the allegations contained in Paragraphs 32 through 36 of the
Amended Complaint.

## COUNT IV
### (Unfair Competition and Injurious Falsehood)

20.    Finjan restates its responses set forth in Paragraphs 1 through 19 of this Answer in
their entirety.

21.    Finjan denies the allegations contained in Paragraphs 38 and 39 of the Amended
Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity of '681 Patent)

Secure Computing's patent infringement claim is barred, in full or in part, because the
claims of the '681 Patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement of the '681 Patent)

Finjan has not and does not infringe, contributorily infringe, or induce the infringement
of any valid claim of the '681 Patent either by literal infringement or infringement under the
doctrine of equivalents.

4

### THIRD AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel)**

Secure Computing's patent infringement claim is barred under the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The Amended Complaint does not state claims upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE
**(Adequate Remedy at Law)**

Secure Computing's requests for equitable remedies are barred because Secure Computing, if it prevails on any claim, has an adequate remedy at law.

### SIXTH AFFIRMATIVE DEFENSE
**(Other Defenses)**

Finjan reserves the right to assert additional affirmative defenses that may be revealed during or after discovery.

### FINJAN'S COUNTERCLAIMS

Finjan's Counterclaims against Secure Computing ("Finjan's Counterclaims") are alleged as follows:

**The Parties**

1.      Counterclaimant Finjan USA is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 2025 Gateway Place, Suite 180, San Jose, California 95110.

5

2.      Counterclaimant Finjan Israel is a corporation organized and existing under the laws of Israel, with its principal place of business located at Hamachshev St. 1, New Industrial Area, Netanya, 42504, Israel.

3.      Counterdefendant Secure Computing is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 4810 Harwood Road, San Jose, California 95124.

### Jurisdiction and Venue

4.      These Counterclaims arise under the Patent Act, 35 U.S.C. §1, *et seq*., the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and Delaware common law.

5.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391 (b) and (c) and/or 28 U.S.C. § 1400(b).  Personal jurisdiction over Secure Computing comports with the United States Constitution and § 3104 of the Delaware Code because Secure Computing is a Delaware corporation and/or has responded to Finjan's patent infringement lawsuit and/or by filing a patent infringement claim against Finjan.

### Factual Background

6.      Finjan Israel is a global provider of secure gateway solutions for the enterprise market.

7.      Secure Computing is a provider of enterprise gateway security.

8.      On January 21-22, 2004, Finjan Israel and Secure Computing entered into the SmartFilter™ OEM Agreement (the "Agreement").

9.      Pursuant to paragraph 2.2 of the Agreement, Finjan Israel obtained a worldwide "non-exclusive, non-transferable license [] to copy, distribute and sublicense to Resellers and End Users [the SmartFilter™ product] solely for use with" Finjan Israel's products.

10.    In exchange for the license described in the preceding paragraph, Finjan Israel agreed to sublicense the SmartFilter™ product only according to specific terms set out by Secure Computing and to pay certain licensing fees.

11.    Pursuant to paragraph 3.4 of the Agreement, as part of the license, Secure Computing agreed that it would "provide, via the FTP site, access to the bi-weekly updates of the SmartFilter Control List to [Finjan Israel's] End Users who have a current subscription license and who have registered and activated their SmartFilter subscription on Secure Computing's SmartFilter registration web site."

12.    On August 12, 2007, at least one Finjan Israel End User was unable to access the bi-weekly updates of the SmartFilter Control List.

13.    On information and belief, Secure Computing's failure to provide Finjan Israel End Users with bi-weekly updates of the SmartFilter Control List has or is likely to effect the future purchasing decisions of Finjan Israel's customers.

## COUNT I (Finjan Israel and Finjan USA)
### (Declaratory Judgment of Non-Infringement of the '681 Patent)

14.    Finjan alleges each and every allegation set forth in Paragraphs 1 through 13 of Finjan's Counterclaims, inclusive, and incorporates them herein by reference.

15.    As a result of Secure Computing's claim for patent infringement of the '681 Patent, there is an actual and legal controversy between Finjan and Secure Computing.

16.    Finjan has not and does not infringe, contributorily infringe, or induce the infringement of any valid claim of the '681 Patent either by literal infringement or infringement under the doctrine of equivalents.

17.    Finjan is therefore entitled to a judicial determination and declaration that its products do not infringe any valid claim of the '361 Patent.

7

## COUNT II (Finjan Israel and Finjan USA)
### (Declaratory Judgment of Invalidity of the '681 Patent)

18.     Finjan alleges each and every allegation set forth in Paragraphs 1 through 17 of Finjan's Counterclaims, inclusive, and incorporates them herein by reference.

19.     As a result of Secure Computing's claim for patent infringement of the '681 Patent, there is an actual and legal controversy between Finjan and Secure Computing regarding the validity of the '681 Patent.

20.     At least one or more claims of the '681 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, particularly 35 U.S.C. §§ 102, 103 and/or 112.

21.     Finjan is therefore entitled to a judgment declaring that the '681 Patent is invalid.

## COUNT III (Finjan Israel)
### (Breach of Contract – Specific Performance)

22.     Finjan alleges each and every allegation set forth in Paragraphs 1 through 21 of Finjan's Counterclaims, inclusive, and incorporates them herein by reference.

23.     On or about January 21-22, 2004, Finjan Israel and Secure Computing entered into the Agreement setting out specific obligations for each party.

24.     Finjan Israel performed all obligations it agreed to perform in the Agreement.

25.     Pursuant to paragraph 3.4 of the Agreement, Secure Computing was to "provide, via the FTP site, access to the bi-weekly updates of the SmartFilter Control List to [Finjan Israel's] End Users who have a current subscription license and who have registered and activated their SmartFilter subscription on Secure Computing's SmartFilter registration web site."

26.     In breach of paragraph 3.4 of the Agreement, on at least one occasion, Secure Computing failed to "provide, via the FTP site, access to the bi-weekly updates of the

8

SmartFilter Control List to [Finjan Israel's] End Users who have a current subscription license and who have registered and activated their SmartFilter subscription on Secure Computing's SmartFilter registration web site."

27.    Any further failure by Secure Computing to perform its obligations set forth in paragraph 3.4 of the Agreement will cause irreparable harm and damage to Finjan Israel's reputation in the eyes of current Finjan Israel customers.  The amount of irreparable harm will be difficult to ascertain, and Finjan Israel will be without an adequate remedy at law.

28.    Finjan Israel is entitled to an injunction restraining Secure Computing from future non-compliance with paragraph 3.4 of the Agreement.

### COUNT IV (Finjan Israel and Finjan USA)
### (43(a) of the Lanham Act)

29.    Finjan alleges each and every allegation set forth in Paragraphs 1 through 28 of Finjan's Counterclaims, inclusive, and incorporates them herein by reference.

30.    Finjan and Secure Computing are competitors in the business of developing and distributing network systems and web security solutions to businesses and organizations.

31.    Secure Computing makes, sells and offers for sale throughout the United States a product called IronMail.  Secure Computing promotes and markets IronMail as a messaging gateway security appliance that utilizes a comprehensive solution to ensure detection of all malicious threats, including those that have not been identified yet.

32.    Finjan is informed and believes that in its advertising of IronMail, Secure Computing includes the representation and/or statement that IronMail combines a number of virus detection techniques, including file behavior analysis.  Finjan is further informed and believes that Secure Computing's statement and/or representation that IronMail includes the virus detection technique of file behavior analysis is false and/or misleading.

9

33.     Finjan is informed and believes that Secure Computing continues to advertise that IronMail includes file behavior analysis.

34.     Finjan is informed and believes that material to the purchasing decisions of actual and potential consumers of Finjan's and Secure Computing's competing products is whether the products include the virus detection technique of file behavior analysis.

35.     Finjan is informed and believes that Secure Computing has made false and/or misleading statements of fact in interstate commerce that actually deceived and/or had the tendency to deceive a substantial segment of customers in violation of § 43(a), 15 U.S.C. § 1125(a), of the Lanham Act.

36.     Finjan is informed and believes that Secure Computing's false and/or misleading representations and statements have and are likely to influence the purchasing decision of Finjan's and Secure Computing's product purchasers.

37.     Secure Computing's false and/or misleading representations and statements regarding IronMail constitute unfair competition and false advertising in violation of § 43(a), 15 U.S.C. § 1125(a), of the Lanham Act.

38.     Finjan has been injured and will continue to be injured as a result of Secure Computing's false and/or misleading representations and statements regarding IronMail. Finjan's injury includes, but is not limited to, a loss of sales, loss of market share, and loss of good will.

39.     Finjan has suffered and will suffer additional irreparable injury unless Secure Computing is enjoined by this Court from continuing to make and distribute its false and/or misleading representations and statements regarding IronMail.

40.     Secure Computing's aforementioned actions were and are taken in willful, deliberate and intentional disregard of Finjan's rights, knowing that such actions are deceptive.

## COUNT V (Finjan Israel and Finjan USA)
### (Unfair Competition – Specific Performance)

41.     Finjan alleges each and every allegation set forth in Paragraphs 1 through 40 of Finjan's Counterclaims, inclusive, and incorporates them herein by reference.

42.     In addition to the aforementioned acts described above, Secure Computing's conduct in representing that IronMail does not include the virus detection technique of file behavior analysis on the one hand to Finjan, but representing that IronMail includes file behavior analysis on the other hand constitutes deceptive representations regarding Secure Computing's products.

43.     Finjan is informed and believes that Secure Computing's conduct constitutes unfair competition under 6 Del. C. § 2531 *et seq.* and under common law.

44.     Finjan is informed and believes that Secure Computing made such deceptive representations and statements in Delaware, as well as to actual and potential consumers in Delaware.

45.     Finjan has been injured and will continue to be injured as a result of Secure Computing's false and/or misleading representations and statements regarding IronMail.

46.     Finjan has suffered and will suffer additional irreparable injury unless Secure Computing is enjoined by this Court from continuing to make and distribute its false and/or misleading representations and statements regarding IronMail.

### PRAYER FOR RELIEF

WHEREFORE, Finjan prays that the Court grant the following relief and judgment:

A.     Deny Secure Computing any relief whatsoever on its Amended Complaint, including Paragraphs 1 through 9 of its Prayer for Relief, and that all claims in the Amended Complaint be dismissed with prejudice;

B.    Declare that Finjan's products do not infringe, and have not infringed, any valid claim of the '681 Patent;

C.    Declare that the '681 Patent is invalid;

D.    Enjoin Secure Computing, their officers, agents, employees, representatives, counsel and all parties acting in concert with them, permanently and during the pendency of this action, from directly and indirectly asserting or charging that Finjan's products infringe the '681 Patent;

E.    Declare that this is an exceptional case under 35 U.S.C. § 285, and rendering an award to Finjan of its reasonable attorneys' fees, expenses and costs;

F.    A decree of specific performance in favor of Finjan Israel directing Secure Computing to "provide, via the FTP site, access to the bi-weekly updates of the SmartFilter Control List to [Finjan Israel's] End Users who have a current subscription license and who have registered and activated their SmartFilter subscription on Secure Computing's SmartFilter registration web site" in full compliance with paragraph 3.4 of the Agreement;

G.    Enjoin Secure Computing and its respective agents, servants, officers, directors, employees and all persons acting in concert with it, directly or indirectly, to immediately take corrective action regarding Secure Computing's false and/or misleading representations and statements complained of herein;

H.    Enjoin Secure Computing and its respective agents, servants, officers, directors, employees and all persons acting in concert with it, directly or indirectly, from publishing, disseminating, distributing or otherwise using the representations or similar representations in advertising and promotional materials;

I.    Award Finjan the damages Finjan is entitled to as a consequence of Secure

Computing's false and/or misleading representations and statements and violations of the Lanham Act, the Delaware Deceptive Trade Practices Act and the common law, in an amount to be determined at trial;

J.    Award Finjan its costs and attorneys' fees, including costs and attorneys' fees in accordance with the Lanham Act and the Delaware Deceptive Trade Practices Act.

K.    Award Finjan any and all pre-judgment and post-judgment interest to which it is entitled; and

L.    Grant Finjan such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Finjan demands a jury trial on all issues so triable in this case.

OF COUNSEL:

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, California  94025-1114
(650) 838-4300

Dated:  November 26, 2007
833688

POTTER ANDERSON & CORROON LLP

By  _____
    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Defendants/Counterclaimants*
*Finjan Software, Ltd. and Finjan Software, Inc.*

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on November 26, 2007, the within

document was filed with the Clerk of the Court using CM/ECF which will send

notification of such filing(s) to the following; that the document was served on the

following counsel as indicated; and that the document is available for viewing and

downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on November 26, 2007 I have sent by E-mail the

foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com ; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com