IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SECURE COMPUTING CORPORATION, a Delaware corporation, | ) ) ) | |
| Plaintiff-Counterdefendant, | ) ) | C.A. No. 07-690 (SLR/LPS) |
| v. | ) ) | DEMAND FOR JURY TRIAL |
| FINJAN SOFTWARE, LTD., an Israel Corporation; and FINJAN SOFTWARE, INC., a Delaware corporation, | ) ) ) ) ) | |
| Defendants-Counterclaimants. | ) | |

## SECURE COMPUTING CORPORATION'S REPLY TO COUNTERCLAIMS OF DEFENDANTS FINJAN SOFTWARE, LTD. AND FINJAN SOFTWARE, INC.

Plaintiff and Counter-defendant, Secure Computing Corporation ("Secure Computing"), responds to the Counterclaims set forth by Finjan Software, Ltd. ("Finjan Israel") and Finjan Software, Inc. ("Finjan USA" and collectively with Finjan Israel referred to as "Finjan") in Defendants' Answer and Counterclaim ("Counterclaims") as follows:

### GENERAL DENIAL

Secure Computing denies each and every allegation, matter or thing contained in the Counterclaims which is not expressly admitted, qualified or answered herein.

### The Parties

1.  Secure Computing lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Counterclaims and therefore denies the same.

2. Secure Computing lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Counterclaims and therefore denies the same

3. Secure Computing admits the allegation of paragraph 3 of the Counterclaims.

### Jurisdiction and Venue

4. The allegations in paragraph 4 of the Counterclaims are legal conclusions and do not require a responsive pleading. Secure Computing does not dispute that Finjan alleges that its Counterclaims arise under the Patent Act, 35 U.S.C. §1, et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and Delaware common law. Secure Computing denies any and all other allegations of paragraph 4 of the Counterclaims.

5. The allegations in paragraph 5 of the Counterclaims are legal conclusions and do not require a responsive pleading. To the extent a response is required, Secure Computing admits that venue in this judicial district is proper and that personal jurisdiction over Secure Computing is proper. Secure Computing denies any and all other allegations of paragraph 5 of the Counterclaims.

### Factual Background

6. Secure Computing lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Counterclaims and therefore denies the same.

7. Secure Computing admits that it is in the business of developing and distributing network and system security solutions to organizations. Secure Computing denies any and all other allegations of paragraph 7 of the Counterclaims.

RLF1-3232714-1

- 3 -

8. Secure Computing admits that, on January 22, 2004, a Secure Computing representative signed a document titled "SMARTFILTER™ OEM AGREEMENT" (hereinafter "the SmartFilter Agreement"). Secure Computing lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 8 of the Counterclaims and therefore denies the same.

9. Secure Computing admits the terms of the SmartFilter Agreement are contained within that document. Secure Computing denies the allegations contained in paragraph 9 of the Counterclaims as an incomplete and/or inaccurate characterization of the SmartFilter Agreement. Secure Computing denies any and all other allegations of paragraph 9 of the Counterclaims.

10. Secure Computing admits the terms of the SmartFilter Agreement are contained within that document. Secure Computing denies the allegations contained in paragraph 10 of the Counterclaims as an incomplete and/or inaccurate characterization of the SmartFilter Agreement. Secure Computing denies any and all other allegations of paragraph 10 of the Counterclaims.

11. Secure Computing admits the terms of the SmartFilter Agreement are contained within that document. Secure Computing denies the allegations contained in paragraph 11 of the Counterclaims as an incomplete and/or inaccurate characterization of the SmartFilter Agreement. Secure Computing denies any and all other allegations of paragraph 11 of the Counterclaims.

12. Secure Computing lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Counterclaims and therefore denies the same.

13. Secure Computing denies the allegations of paragraph 13 of the Counterclaims.

### COUNT I (Finjan Israel and Finjan USA)
### (Declaratory Judgment of Non-Infringement of the '681 Patent)

14. Secure Computing admits that in Paragraph 14 of the Counterclaims Finjan alleges each and every allegation set forth in Paragraphs 1 through 13 of the Counterclaims, inclusive, and incorporates them by reference and in response to Paragraph 14 of the Counterclaims, Secure Computing restates and incorporates by reference its answers to Paragraphs 1 through 13 of the Counterclaims and denies any allegation not expressly admitted.

15. Secure Computing admits that there is an actual and legal controversy between Finjan and Secure Computing. Secure Computing denies any and all other allegations of paragraph 15 of the Counterclaims.

16. Secure Computing denies the allegations of paragraph 16 of the Counterclaims.

17. Secure Computing denies the allegations of paragraph 17 of the Counterclaims.

### COUNT II (Finjan Israel and Finjan USA)
### (Declaratory Judgment of Invalidity of the '681 Patent)

18. Secure Computing admits that in Paragraph 18 of the Counterclaims Finjan alleges each and every allegation set forth in Paragraphs 1 through 17 of the

Counterclaims, inclusive, and incorporates them by reference and in response to Paragraph 18 of the Counterclaims, Secure Computing restates and incorporates by reference its answers to Paragraphs 1 through 17 of the Counterclaims and denies any allegation not expressly admitted.

19. Secure Computing admits that there is an actual and legal controversy between Finjan and Secure Computing. Secure Computing denies any and all other allegations of paragraph 19 of the Counterclaims.

20. Secure Computing denies the allegations of paragraph 20 of the Counterclaims.

21. Secure Computing denies the allegations of paragraph 21 of the Counterclaims.

### COUNT III (Finjan Israel and Finjan USA)
### (Breach of Contract – Specific Performance)

22. Secure Computing admits that in Paragraph 22 of the Counterclaims Finjan alleges each and every allegation set forth in Paragraphs 1 through 21 of the Counterclaims, inclusive, and incorporates them by reference and in response to Paragraph 22 of the Counterclaims, Secure Computing restates and incorporates by reference its answers to Paragraphs 1 through 21 of the Counterclaims and denies any allegation not expressly admitted.

23. Secure Computing admits that, on January 22, 2004, a Secure Computing representative signed a document titled "SMARTFILTER™ OEM AGREEMENT" (hereinafter "the SmartFilter Agreement"). Secure Computing admits the terms of the SmartFilter Agreement are contained within that document. Secure Computing denies the allegations contained in paragraph 23 of the Counterclaims to the extent they are an

incomplete and/or inaccurate characterization of the SmartFilter Agreement. Secure Computing denies any and all other allegations of paragraph 23 of the Counterclaims.

24. Secure Computing denies the allegations of paragraph 24 of the Counterclaims.

25. Secure Computing admits the terms of the SmartFilter Agreement are contained within that document. Secure Computing denies the allegations contained in paragraph 25 of the Counterclaims as an incomplete and/or inaccurate characterization of the SmartFilter Agreement. Secure Computing denies any and all other allegations of paragraph 25 of the Counterclaims.

26. Secure Computing denies the allegations of paragraph 26 of the Counterclaims.

27. Secure Computing denies the allegations of paragraph 27 of the Counterclaims.

28. Secure Computing denies the allegations of paragraph 28 of the Counterclaims.

### COUNT IV (Finjan Israel and Finjan USA)
### (43(a) of the Lanham Act)

29. Secure Computing admits that in Paragraph 29 of the Counterclaims Finjan alleges each and every allegation set forth in Paragraphs 1 through 28 of the Counterclaims, inclusive, and incorporates them by reference and in response to Paragraph 29 of the Counterclaims, Secure Computing restates and incorporates by reference its answers to Paragraphs 1 through 28 of the Counterclaims and denies any allegation not expressly admitted.

30. Secure Computing denies the allegations of paragraph 30 of the Counterclaims.

31. As to the first sentence of paragraph 31, Secure Computing admits that it currently makes, sells, and offers for sale throughout the United States a product called IronMail and admits that, prior to Secure Computing acquiring CipherTrust, CipherTrust made, sold, and offered for sale throughout the United States a product called IronMail. As to the second sentence of paragraph 31, Secure Computing denies the allegations contained in paragraph 31 of the Counterclaims as an incomplete and/or inaccurate characterization of Secure Computing's promotion and marketing of IronMail. Secure Computing denies any and all other allegations of paragraph 31 of the Counterclaims.

32. Secure Computing admits that certain documents exist relating to the IronMail product that discuss "File Behavior Analysis," which was a feature that was contemplated but then not included in IronMail and was thereafter removed and/or eliminated from documents relating to IronMail. Secure Computing admits that IronMail does not have, and has never had, the "File Behavior Analysis" feature referred to in these documents. To the extent Finjan contends that "File Behavior Analysis" means anything other than what is stated in these documents, Secure Computing lacks sufficient knowledge regarding Finjan's contentions to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Counterclaims and therefore denies the same. Secure Computing denies any and all other allegations of paragraph 32 of the Counterclaims.

33. Secure Computing denies the allegations of paragraph 33 of the Counterclaims.

RLF1-3232714-1

34. Secure Computing denies the allegations of paragraph 34 of the Counterclaims.

35. Secure Computing denies the allegations of paragraph 35 of the Counterclaims.

36. Secure Computing denies the allegations of paragraph 36 of the Counterclaims.

37. Secure Computing denies the allegations of paragraph 37 of the Counterclaims.

38. Secure Computing denies the allegations of paragraph 38 of the Counterclaims.

39. Secure Computing denies the allegations of paragraph 39 of the Counterclaims.

40. Secure Computing denies the allegations of paragraph 40 of the Counterclaims.

### COUNT V (Finjan Israel and Finjan USA)
### (Unfair Competition – Specific Performance)

41. Secure Computing admits that in Paragraph 41 of the Counterclaims Finjan alleges each and every allegation set forth in Paragraphs 1 through 40 of the Counterclaims, inclusive, and incorporates them by reference and in response to Paragraph 41 of the Counterclaims, Secure Computing restates and incorporates by reference its answers to Paragraphs 1 through 40 of the Counterclaims and denies any allegation not expressly admitted.

42. Secure Computing denies the allegations of paragraph 42 of the Counterclaims.

43. Secure Computing denies the allegations of paragraph 43 of the Counterclaims.

44. Secure Computing denies the allegations of paragraph 44 of the Counterclaims.

45. Secure Computing denies the allegations of paragraph 45 of the Counterclaims.

46. Secure Computing denies the allegations of paragraph 46 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Finjan's claims are barred because Finjan fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Finjan's claims are barred because Finjan lacks standing.

### Third Affirmative Defense

Finjan's requests for equitable remedies are barred because Finjan, if it prevails on any claim, has an adequate remedy at law.

### Fourth Affirmative Defense

Finjan's claims are barred because Secure Computing did not breach the alleged SmartFilter Agreement.

### Fifth Affirmative Defense

Finjan's claims are barred because all obligations of Secure Computing under the alleged SmartFilter Agreement were terminated.

### Sixth Affirmative Defense

Finjan's claims are barred because Finjan failed to perform the obligations of the alleged SmartFilter Agreement.

### Seventh Affirmative Defense

Finjan's claims are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches.

### Eighth Affirmative Defense

Finjan's claims are barred, in whole or in part, because Finjan has not suffered any injury and is not likely to be injured.

### Ninth Affirmative Defense

Secure Computing reserves the right to amend its affirmative defenses and/or assert additional affirmative defenses that may be revealed during or after discovery.

### PRAYER FOR RELIEF

WHEREFORE, Secure Computing denies that Finjan is entitled to any judgment or relief in their favor, including the relief in paragraphs A through L of the Prayer for Relief in the Counterclaims, and Secure Computing prays that the Court grant Secure Computing the following relief and judgment:

    A.    That Finjan's Counterclaims be dismissed with prejudice;

    B.    That Secure Computing be awarded its costs, disbursements, and attorneys' fees in connection with Finjan's Counterclaims;

    C.    Secure Computing incorporates by reference its Prayer for Relief in its Amended Complaint;

RLF1-3232714-1

D.  That Secure Computing be awarded such other and further relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Secure Computing demands a jury trial on all issues so triable.

By: *Kelly E. Farnan* (signature)
Fredrick L. Cottrell, III (#2555)

OF COUNSEL:

cottrell@rlf.com
Kelly E. Farnan (#4395)
Ronald J. Schutz
farnan@rlf.com
Jake M. Holdreith
Richards, Layton & Finger
Christopher A. Seidl
One Rodney Square
Trevor J. Foster
P.O. Box 551
ROBINS, KAPLAN, MILLER &
Wilmington, DE 19899
CIRESI L.L.P.
(302) 651-7700
2800 LaSalle Plaza
800 LaSalle Avenue       ***ATTORNEYS FOR SECURE COMPUTING***
Minneapolis, MN 55402
(612) 349-8500

December 10, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**BY HAND DELIVERY and E-MAIL**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on December 10, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS and E-MAIL**

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

Kelly E. Barnan (#4395)